Ewing, C. J.
In this case the plaintiff was nonsuited at the Circuit, for want of confession of lease, entry and ouster. The defendants have moved that the judgment he not, according to the stipulation of the consent rule, entered against the casual ejector, but that the nonsuit be set aside, because the certificate of the clerk of this court subjoined to the transcript, that the same contains a true copy of the declaration and pleadings in the cause, bears date prior to the next preceding Circuit Court of the couuty in which the venue is laid. This objection to the date of the certificate, or perhaps more correctly speaking, to the time of sealing the transcript, is founded on the practice of the court of K. B. in England, and on the ancient practice of this court prior to our statute, passed in 1799, and now in force, relative to the Circuit Courts. The change however, which that statute introduced in the mode of making up the JYisi Prius record or transcript, removed the cause and reason of the practice referred to, and therefore saves the certificate in this case from the force of the objection raised against it.
A view of the English practice, compared with our statute, will lead satisfactorily to this conclusion.
*151 The proceeding whereby the issue to be tried, is transmitted from the court of King’s Í lends to the Court of.Yi.ri Frius, which is called the JYisi Frius record, and is equivalent to what we denominate the transcript, is made up In the former court in the following manner, asid contains the following matters, in the first place, a plácito, which is always of the term its which issue Is joined. Then a copy of the. pleadings to issue, proceded by a memorandum, or entry of the time oí the filing of the bill or declaration. Then an award of tho venire. Than another placita of the term preceding the Assize or JYisi Prim Court, at which the cause is intended to be tried, and which of course will be precisely similar to the first placita, where the cause is to be tried in the vacation next after the joining of issue. Then follows the jurata, as it is called, or a clause setting forth the time and place where the issue is to be tried, and the time and place at, which the jury process is .made returnable, and is to this effect 3 “ The jury between A. 13. plaintiff and C= I). defendant, of a pjea of trespass on the case, (or whatever the form of action may bo) is respited before our Lord tho King at Westminster, until —— (the retara day of the distringas jttraiores,) unless his Majesty’s justice assigned to take the Assizes, in and fas’ the county of —— shall first come on —■—- • (the day of Assizes) at (the place where they are to he held,) in tho said county, according to the form of the statute,” <§'C. And then is added the sciendum, which is an entry of the time of delivery to the sheriff of the jury process. When tho lN‘isi Frius record is thus prepared, which is done by the Attorney, he carries it to the JY-isi Frius office, where it is examined, sealed and passed. The jurata, as already remarked, is to state the timo and place of trial, and the time and placo of tho rotura of the jury process, and so rigorous is the rule of practico in this respect, that in the case of Crowden v. Rooke, 2 Wils, 144, the record was made up for trial at a certain timo, the cause did not then come on to he tried, the plaintiff’s attorney omitted Jo hays the jurata altered, and the cause being tried at a futuro day, it appeared on ;he face of the jurata, and postea, that the trial was had after the day of tho return mentioned in th0 jurata, and for this reason the verdict was set aside. Hence if it happen that the cause r not tried at the time first mentioned in the jurata, it become, neccssarv, when it Is to he brought 0» again for trial, to have *152 the day of JYisi Prius and the return day of the distringas erased, and- the new day of trial and return inserted ; and, of consequence, to have the record again examined, sealed and passed at the Nisi Prius office.
Our mode, however, of making up the Nisi Prius record or transcript, is much more simple and the matters to be contained in it are much fewer in number. The statute directs “ that when a cause is to be tried at a Circuit'Court, a transcript of the declaration and pleadings in the cause, with a proper placiia, and nothing more, shall be made and sent under the seal of the Supreme Court to the said Circuit Court.” Rev. Laws 454. A jurata is neither requisite nor admissible. The time and place at which the issue is to be tried, are not set forth on the face of the transcript. No incongruity can therefore exist, as in the case of the Nisi Prius record, between it and the postea in respect to the time of trial. Hence the transcript, if the trial does not take place when at first expected, needs no alteration to prepare it for trial at a future day, and therefore when once sealed, needs not again to be resealed. When once properly made out and sealed, it contains all that is requisite whensoever the trial may occur, unless when some matter happens after the joining of issue ; or after the transcript has been made out, which for the sake of regularity or congruity ought to appear on the face of the transcript. Thus, it is said, that if one of several plaintiffs os defendants dies after issue joined, the .cause of action surviving, and a suggestion is made, that a proper entry should appear on the transcript so as to direct the judge at the Circuit, between whom the issue is to be tried; and so of other matter. And hence it has been argued that the certificate of the transcript should bear date, and be sealed subsequent to the last preceding term of this court. But admitting, that these matters ought to bo inserted in the transcript, no other consequence results than that the plaintiff should cause his transcript to be made out after they liave occurred, so as to contain them, or, if once made out, and the cause not being tried, they afterwards occur, he may then have occasion to procure another transcript, and in this respect as in any other, if the transcript omits what it ought to contain, he may expose his verdict to jeopardy. But it by no means follows, when no such extraordinary occurrence has taken place, *153 í'üaí the transcript may not be certified and sealed at any time after issue joined, or that the cause being once carried to trial, the plaintiff is obliged to procure another, with the exception of the date, exactly like the former, or to perform the idle task and incur the useless expense of simply changing the date of .As first.
Motion to set aside nonsuit refused: